The plaintiff declared on a guardian bond for the sum of (658) $3,000, executed by one James Clark, as guardian of plaintiff in 1850, with J. B. Hare and W. M. Montgomery as sureties.
The action was brought against W. S. Stephenson, as administrator of James Clark, deceased, John W. Harrell, administrator of W. H. Montgomery, and J. B. Hare.
When the case was called, the plaintiff entered a nol. pros. as to Stephenson and Harrell, and announced himself as ready as to Hare.
Defendant moved to dismiss the action, because the administrator of Clark, a necessary party to the action, had been nol. pros'd., and no guardian account of said Clark had been ordered or reported.
His Honor refused the motion, and ruled the defendant into trial, whereupon defendant excepted.
The plaintiff offered a witness who stated, that he is Clerk of the Superior Court; that in 1862, the court house in Hertford 659) county was burned and that many of the records of said county were destroyed. That L. M. Cowper, now deceased, was at the time the Court House was burned, Clerk of the Court of Pleas and Quarter Sessions of said county; and that many of the records of the County Court, said Cowper was in the habit of keeping, together with many of the papers of his office, at his residence in Murfreesboro'; that he had searched diligently through the papers of his office, and had not been able to find the bond.
The plaintiff then offered in evidence the following record of the Court of Pleas and Quarter Sessions of said county:
"At a Court of Pleas and Quarter Sessions, begun and held for Hertford county, at the Court House in Winton, on the fourth Monday in August, A.D. 1850, the following Justices present: W. B. Wise, J. G. Wilson, D. Valentine and W. W. Mitchell, Esqrs.
James Clark, guardian for Mason Harrell, Sarah Elizabeth Harrell and James Thomas Harrell, orphans of John T. Harrell, deceased, appeared in open Court and renewed his bond as guardian by entering into bond for the sum of $3,000, with W. M. Montgomery and J. B. Hare, sureties."
And the following record of a return by said guardian, Clark, was offered in evidence:
"Dr. James Thomas Harrell,
To James Clark, Guardian. *Page 531 
1857. May 26. To amount paid Clerk, $1.00 "commission on same, .11 ________ 11
By amount due on last return, $373.91 By interest 12 months, 20.27 _________ $394.18
Balance due ward, $393.07
The defendant objected to the introduction of the foregoing evidence, alleging that it was sufficient to establish the bond the plaintiff declared upon. The Court overruled the objection, and charged (660) the jury in accordance with the foregoing facts, stating that the records offered were evidence tending to show the execution of the bond by the defendant. Defendant excepted.
The only point that is or that could fairly be insisted on in this Court by the defendant, is as to the admissibility in evidence of the certified copies of extracts from the records of Hertford County Court, as tending to establish that a guardian bond had been given. There was evidence which satisfied the Judge that the court house of Hertford county, with many of the papers in it, had been burned, or otherwise destroyed in 1862; that search had been made among the papers of a deceased person who was Clerk at the time of the burning, and who was in the habit of keeping some of his official papers at his residence, and that no bond given by Clark as guardian of Harrell, had been found. This the Judge properly held to be sufficient to authorize the introduction of secondary evidence and contents of the guardian bond declared on. The plaintiff then introduced a certified copy of an extract from the records of the County Court of Hertford to the effect that at August Term, 1850, James Clark, guardian of plaintiff and others, orphans of John F. Harrell, removed his bond as guardian, by entering into bond in the sum of $3,000, with W. M. Montgomery and J. B. Hare (the defendant) sureties.
A guardian bond is not strictly a record of the Court, although the fact that it was made and accepted may be. An action may therefore be brought on the bond after its loss or destruction, without any previous application to the Court to restore it as a record, and in such case *Page 532 
the proof of the bond would be such as upon general principles (661) of evidence would be competent to prove its execution, and would not essentially differ in principle from what would be proper in an action upon a non-official bond, lost or destroyed. Kellov. Maget, 18 N.C. 414, establishes that when a bond, purporting to be a guardian bond, is proved to have been at one time among the records of a County Court, and to have been since lost, there is a presumption that it was in the usual form of a guardian bond, and that upon proof of the identity of the person sought to be charged with the person whose name appears to have been signed to the bond, execution will be presumed without proof of the hand writing either of the parties or of the subscribing witness. The question presented in this case as to whether the entry on the record was competent evidence that the bond had been executed, did not occur in that case, and it must be decided on general principles. But Kello v. Maget is authority that if the jury shall be satisfied that a guardian bond, purporting to be made by Clark and the defendant as his surety, once existed among the records of the Court, they may and ought to presume its due execution by said parties, although no direct proof of that fact be obtainable.
It is not necessary to consider whether the copy of the entry of record which states that Clark did renew his bond as guardian with Montgomery and the defendant, as his sureties, was conclusive. The Judge only held it competent to prove the former existence and due execution of the bond. For this purpose we think it was clearly competent. The destruction of the bond, if it ever existed, having been proved, there was no means of proving its former existence other than by the proof of circumstances which probably would not have occurred unless it had been made, and from which the fact that it was made, might reasonably and probably be inferred. The record, given in evidence, was, at least, a circumstance of that character. It tended to prove that a guardian bond, in the lawful and usual form, had been executed and accepted by the Court; and it was the best evidence of that fact which the nature of the case admitted of. We think (662) it was competent evidence. The same principle applies to the certified copy of the guardian's return, introduced for the purpose of showing the amount owing by the guardian. The guardian's signature was not proved, because the original return was lost. But it is a reasonable inference from the record that the original return was acknowledged by the guardian before the Clerk.
There is no error.
PER CURIAM. Judgment affirmed.
Nelson v. Whitfield, 82 N.C. 53; Hare v. Hollomon, 94 N.C. 19. *Page 533